MEMORANDUM OF DECISION
In this matter the plaintiff appeals from the decision of the Fair Housing Officer (See Record "Notice of Decision" dated October 24, 1990) which upheld a determination of the District Office of the defendant Commissioner, Department of Income Maintenance.
The plaintiff appellant was the recipient of Aid for Dependent Children as well as medical assistance pursuant to the provisions of 17-2(A) Conn. Gen. Stat. and the appropriate United States Code provisions.
42 U.S.C. § 602(a)7 provides inter alia that a family CT Page 5653 receiving such aid may have their aid payments reduced by reason of the receipt of money by any child or relative who at the same time is a recipient of benefits under the terms of this program.
In the instant case, the defendant's agents ascertained that the children of the appellant received monies by virtue of their own endeavors during the same period the appellant was receiving AFDC funds as well as other assistance. It was established by the District Office (and these findings were confirmed by the Fair Hearing Officer) that because the assets of the children were in excess of the amount allowed to be held by this appellant and/or other family members in the family unit for which aid was received, and which amounts were not seasonably disclosed by the appellant, that the benefits received should and must be reduced in accordance with the applicable regulations and statutory provisions.
Generally the applicable statutes, 42 U.S.C. § 602(a)(8)(A), provide that in determining eligibility for aid and the amount thereof, "the agency, with respect to any month, shall disregard income of each dependent child . . . who is a full time student. . . ." There appears no dispute that the appellant's children were students at the time they received the money which forms the basis of the determination that the appellant received funds to which she was not eligible by virtue of these earnings of the children which were not declared.
It is the claim of the District Office, upheld by the Fair Hearing Officer, that the funds held in the savings account as earned by the children became a resource of the family unit once the money was retained beyond a one-month period. The Commissioner, in effect, claims that the earnings of the children which are preserved beyond one month (i.e, not spent or dissipated) are required to be included as a family resource in the calculation (and reduction) of benefits to the extent that they exceed the allowable limit of $1000.42 U.S.C. § 602(a)(7)(B). This approach by the Commissioner leads to the rather anomalous result that the more a benefit recipient spends of his own money, the more he will be entitled to benefits and conversely, the less he spends the more his benefits will be reduced.
The plaintiff's position is that there is authority for her claim that it not the intention of the framers of this remedial legislation aimed at assisting those in need to consider accumulated savings as earned income and subsequently to be disregarded in making the monthly determination as to eligibility and amount of aid. The case cited by the plaintiff, Rebman v. Welfare Commissioner, 31 Conn. Sup. 515, decided by the Appellate Division of the Court of Common Pleas in 1973, considered much the CT Page 5654 same issue as is presented here and determined that earned income and accumulated income as represented by a savings held more than one month for the purposes of determining the extent of benefits should not be distinguished. To do so "is to do violence to the entire federal system of public welfare. . . ." A disregarding of the child's accumulated earnings instills the incentive to work whereas reimbursement of this accumulated earned income to the Welfare Commissioner perpetuates a disincentive to work." Rebman, p. 520.
The court determined that the Commissioner's agents improperly reduced the applicant's eligibility by considering accumulated earnings apart from earned income.
This court, believing that the Rebman case represents the state of the law to be applied by Connecticut courts in determining this issue, concludes that the District Office and the Fair Hearing Officer incorrectly and improperly applied the law to the claim of the appellant and accordingly sustains this appeal land directs that the matter be remanded to the District Office for a recalculation of benefits due the appellant consistant with this opinion.
GEORGE W. RIPLEY, JUDGE.